No. 10,180.

## HAYS *v.* ARBUCKLE.

Decided December 4, 1922.

Action for money loaned. Judgment for plaintiff.

*Affirmed.*

1. PLEADING—*Complaint for Money Loaned—Interest.* In an action for money loaned, an implied promise to pay need not be averred. It is sufficient if the facts upon which such implied promise arises be charged in the complaint.

   It is not necessary in such a case that the claim for interest be made in the complaint by allegation.

2. INTEREST—*Allowed as Damages.* Interest on money due may be awarded as damages, the measure of which is the value of the money during the time it has been withheld.

3. *Interest as Damages—Rate—Law Governing.* Where interest is allowed, not under contract, but as damages, the rate is according to the laws of the place where the suit is brought.

*Error to the District Court of El Paso County, Hon. John W. Sheafor, Judge.*

Messrs. ORR & LITTLE, Mr. JOHN T. HANEY, for plaintiff in error.

Messrs. SHERWIN & HUNGERFORD, for defendant in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE action was for money lent. Plaintiff in error makes the contention that the complaint does not state sufficient facts to constitute a cause of action. The complaint, omitting the formal parts, is as follows:

"I.   That on or about the 17th day of June, 1915, at Los Angeles, Cal., the plaintiff lent to the defendant at his request the sum of one thousand dollars ($1,000.00).

"II.   That the defendant has not paid the same nor any part thereof.

"And for a second and further cause of action:

"I.   That on or about the 6 day of July, 1915, at Los Angeles, Calif., the plaintiff lent to the defendant at his request the sum of two hundred and fifty dollars ($250.00).

"II.   That the defendant has not paid the same or any part thereof.

"WHEREFORE, the plaintiff demands judgment against the defendant on said first cause of action for one thousand dollars ($1,000.00) with interest thereon at the rate of eight (8) per cent. from the 17th day of June, 1915, and on the said second cause of action for the sum of two hundred and fifty dollars ($250.00) with interest thereon at the rate of eight (8) per cent. per annum from the 6th day of July, 1915, together with the costs of this action."

Plaintiff in error admits that where no due date is fixed by agreement of the parties, borrowed money is payable immediately, but contends that the complaint should contain an allegation that there was no agreement as to the maturity of the loan, and that in the absence of such an averment, the complaint is obnoxious to a general demurrer. We do not think so.   From the facts alleged the law implies a promise to pay presently.   An implied promise to pay need not be averred.   It is sufficient if the facts upon which such implied promise arises, be pleaded.   *Wilcox v. Jamieson,* 20 Colo. 158, 160, 36 Pac. 902.

The contention that the claim for interest must be charged in the complaint by allegation cannot be sustained. Such an allegation would only be to plead a legal conclusion.

It is alleged that interest must be stated in the complaint for the reason, as it is contended, that interest accrues either by agreement of the parties, or because of a statute of the sister state, and in either event the facts must be alleged as other essential facts.   We do not agree with either of these contentions.

The principle of allowing interest as damages has been recognized and approved in this court as early as the case of *Browne v. Steck,* 2 Colo. 70, 77, where it is said:

"The damages awarded for the detention of money after

the day of payment are measured by the value of the money during the time which it has been withheld. This is the reasonable rule of compensation, which restores the plaintiff to that which he has lost by reason of the breach of the contract, and compels the defendant to surrender that which he has gained by the failure to keep his obligation. *Beckwith v. Hartford,* * * *, 29 Conn. 269. In law, the sum thus awarded is regarded as damages for the breach of contract, which, it has been held, may not be regulated by the parties. *Talcott v. Marston,* 3 Minn. 339; *Daniels v. Ward,* 4 id. 168."

In *Craig v. Dewey,* 65 Colo. 362, 366, 176 Pac. 836, 837, this court said:

"In 22 Cyc. 1495, the doctrine as approved in some twenty-five state jurisdictions, and in the Supreme Court of the United States, as well as in England and Canada, is stated as follows:

'Although in some cases of breach of contract to pay money, interest has been allowed on the ground of an implied contract to pay interest that arises from a failure to pay the principal, the general rule established by the great weight of authority is that where there is a contract, express or implied, to pay money, even though such contract be silent as to interest, interest will be allowed upon its breach as damages, and not because of any promise to pay it.' "

Interest was not a subject of contract between the parties or an incident to it. The contract was for money loaned, which, by operation of law, became due presently. The plaintiff below had the right to sue in any forum and have her damages measured by the legal rate of interest, according to the law of the place where the suit was brought.

"Where interest is allowed, not under contract, but as damages, the rate is according to the laws of the place where the suit is brought." *Carson v. Smith,* 133 Mo. 606, 616, 34 S. W. 855, 858.

"If the contract itself does not stipulate for interest, and

there is no other contract, express or implied, for the payment of interest, but the only claim for interest is because of delay of payment after the principal is due, it is now generally agreed that the interest is to be computed according to the law of the place where the judgment is recovered, and not according to that of the place where the contract was made." Story on Conflict of Laws, (7th Ed.) Sec. 296a.

We find no reversible error in the record, and the judgment must be affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE DENISON concur.