## C-711
## C-712

### Dorothy A. Marshall v. Hollis H. Marshall

(551 P.2d 709)

Decided June 21, 1976.                    Rehearing denied July 19, 1976.

Tinsley, Frantz, Fleming and Davidson, P.C., Albert T. Frantz, for petitioner.

David C. Vigil, for respondent.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This court granted certiorari on two petitions, one by each of the parties. The separate petitions and cases have now been consolidated under the above caption. Certiorari was granted on the two petitions to review the opinion of the court of appeals in *Marshall v. Marshall*, 35 Colo. App. 442, 536 P.2d 845 (1975).

This is a domestic relations case in which the former husband, the respondent here, was found by the trial court to be in contempt of court for failure to pay to his former wife, the petitioner here, certain sums of money ordered to be paid in February 1972 at the conclusion of the divorce case. The former husband appealed to the court of appeals which reversed the judgment of the trial court and ordered the dismissal of the contempt proceedings in the trial court.

Although other issues were considered in the court of appeals' opinion, our only concern in granting certiorari here was to review that part of the court of appeals' judgment which ordered the dismissal of the contempt proceedings in the trial court. We agree that reversal of the trial court's judgment was proper but we now reverse the court of appeals' direction to dismiss the contempt proceedings in the trial court. Accordingly, we affirm in part the judgment of the court of appeals and reverse it in part.

The court of appeals properly ruled that the contempt of court judgment was not supported by appropriate findings of the trial court. This case should be remanded to the trial court with an order to review and weigh the evidence presented at the trial court hearing and to either dismiss the contempt proceedings or to enter a judgment supported by appropriate findings.

The parties were divorced on February 2, 1972. At that time, five of the seven children born of the marriage were still minors and among other expenses ordered to be paid by the former husband was the cost of tuition, room and board, and reasonable expense of the children in college. No specific amounts were set at that time for such expenses. At a hearing in the trial court on February 22, 1974, evidence was presented concerning certain college expenses which had not been paid by the former husband, and an order was entered directing him to pay these amounts. The court also ordered that henceforth the former husband pay as a reasonable expense $35 per month per child for the two children then in college.

On March 29, 1974, a citation for contempt of court was issued to the former husband for his failure to comply with the court's order regarding the payment of these college expenses. The record of the hearing reveals that alimony payments, support payments, and other expense payments

were made by the former husband. He, however, testified and it was contended on his behalf that he was unable to make the college expense payments as ordered by the court. He testified that the payments which he did make to his former wife substantially consumed most of his salary, and that previously, he had to borrow money in order to meet some of the payments. An affidavit of his income and expenses was submitted. Without making any finding as to the ability of the respondent to make the payments ordered by the court, the court found that the respondent had failed to pay the college expenses as ordered and that this failure placed him in contempt of court. He was sentenced to the county jail for 15 days; however, the record shows that the trial court also ruled that he could purge himself of the contempt by making the payments which were in default.

██ C.R.C.P. 107(d) provides that a person may be held in contempt of court in a civil case by either a punitive order or a remedial order. The court of appeals in its opinion correctly classified the contempt of court order here as being a remedial order. In other words, the former husband was held in contempt of court but told that if he made the payments required, he would be purged of the contempt. To justify punishment for this civil contempt consisting in a refusal to perform a required act for the benefit of others, the trial court must upon hearing make a finding both of the facts constituting contempt and of the present duty and ability to perform. *Murley v. Murley*, 124 Colo. 581, 239 P.2d 706 (1951). The contempt of court judgment as entered here was not supported by any such findings.

The judgment reversing the trial court's contempt judgment is affirmed; however, that part of the court of appeals judgment which directs the trial court to dismiss the contempt proceedings is reversed. This case is returned to the court of appeals for remand to the trial court for further proceedings in consonance with the views expressed herein.

MR. JUSTICE ERICKSON does not participate.