MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
This is an original proceeding brought by petitioner William Wright challenging the order of the respondent district court sentencing him to a term of imprisonment for contempt of court. He seeks a writ of prohibition asserting that the district court exceeded its jurisdiction by conducting the contempt proceedings without complying with C.R.C.P. 107 or due process. We stayed the proceedings and issued a rule to show cause why the district court’s order should not be vacated. The respondent confessed error and we now make the rule absolute.
This proceeding began as a dissolution of marriage action between William Wright and his spouse Jeanne Stone Wright a/k/a Jeanne Stone Dauteuil. Permanent orders were issued in which William Wright agreed to pay child support and to maintain life and health insurance policies for the benefit of his minor children. Subsequently, Jeanne Wright filed a motion to amend the permanent orders, alleging that William had failed to supply health insurance coverage and that as a result several thousand dollars in hospital bills had accrued. Apparently, a judgment had been entered against her for the amount due on the hospital bills and a lien was obtained on her residence.
On December 2, 1975, a contempt citation was issued against William Wright requiring him to show cause why he should not be held in contempt for failing to keep his life and health insurance current and ordering him to pay $150 in attorney’s fees. This citation came on for hearing on January 29, 1976. The trial court then set the matter for a review hearing which after several delays was held on January 26, 1977. The latter hearing resulted in the order in question here.
At the review hearing, William Wright produced evidence indicating that he was then in compliance with the matters covered by the contempt citation. However, the court and counsel for Jeanne Wright examined him further concerning alleged arrearages in child support, payments and what efforts he had made to remove the lien on Jeanne Wright’s residence. At the conclusion of the hearing, the court informed William Wright that he “better come up with $2500 in a week” or he would face imprisonment. William Wright returned to court on February 2, 1977, without $2500 and he was sentenced to 10 days in the county jail.
*555 I.
The contempt alleged in the citation was clearly one committed “out of the presence of the court” and therefore the procedural requirements of C.R.C.P. 107(c) apply.
Rule 107(c) provides in part that:
“The citation and a copy of the motion and affidavit shall be served upon such person a reasonable time before the time designated.”
Under C.R.C.P. 107(c), a defendant has the right to have notice of the purpose of the hearing and to have an opportunity to be heard. Ealy v. District Court, 189 Colo. 308, 539 P.2d 1244 (1975); Austin v. Denver, 156 Colo. 180, 397 P.2d 743 (1964). We have recognized that the contempt citation “plays a very important role in enabling the person charged to understandably shape his course and prepare his defense.” Eatchel v. Lanphere, 170 Colo. 545, 548, 463 P.2d 457, 459 (1970).
Here, the contempt citation referred only to William Wright’s duty to maintain life and health insurance policies. He appeared at the hearing with evidence showing that he had performed that duty. He had not been advised by the citation that he was also going to be faced at the hearing with charges of failure to provide child support and to account for any failure to attempt to remove the lien on his spouse’s residence. Since the purpose of the contempt citation is to give the defendant notice of the charge, he cannot be convicted under that citation of any contempt other than that charged. Eatchel v. Lanphere, supra.
II.
The district court’s order was also defective since it did not contain specific findings.
In order to justify punishment for civil contempt, a trial court must, upon hearing, make findings of the facts constituting the contempt and must find an ability on the part of the defendant to perform the acts which are the subject of the contempt. Marshall v. Marshall, 191 Colo. 165, 551 P.2d 709 (1976).
Here the district court made no specific findings which could enable an appellate court to determine whether there was evidence to support a contempt conviction. Additionally, there is no finding that Mr. Wright had the ability to perform but had failed to do so.
Since the basis of the district court was a matter not contained in the contempt citation and since the court made no specific findings, the sanction imposed was invalid and the order must be vacated.
Rule made absolute.