603 P.2d 970 (1979)
In re the MARRIAGE OF Jeanette HARTT, Appellee, and
George Joseph Hartt, Appellant.
No. 78-484.
Colorado Court of Appeals, Div. III.
November 8, 1979.
*971 Richard G. Ovson, Deputy Dist. Atty., Lakewood, for appellee.
Richard M. Borchers, P. C., Westminster, for appellant.
KELLY, Judge.
George Joseph Hartt appeals the trial court's order finding him in contempt for his failure to make regular child support payments and ordering that he be imprisoned in the county jail until he purged himself of contempt. Hartt argues that the evidence failed to support the finding of contempt and that the trial court erred in ordering his confinement for an indefinite period. We affirm in part and reverse in part.
The marriage of the parties was dissolved and a support order effective November 15, 1976, was incorporated in the dissolution decree, pursuant to an agreement between the parties. On March 23, 1977, Hartt was cited for contempt for failure to pay the $300 per month support ordered for the three minor children in the custody of his former wife, and, in May and June, hearings on the citation were continued by the court. After a further hearing in September, 1977, the court found that the defendant was in contempt, but deferred sentence under C.R.C.P. 107 for two months to consider Hartt's good faith efforts to pay support and arrears. The court continued the hearing on the sentencing in November to provide the defendant with yet another opportunity to purge himself of contempt. Finally, on April 3, 1978, the court sentenced Hartt to the county jail until such time as he purged himself of contempt. Execution of the sentence was stayed pending this appeal.
Hartt challenges the sufficiency of the evidence supporting the court's finding of contempt. His argument is without merit. A finding of contempt is within the sound discretion of the trial court, and its determination is final unless an abuse of discretion is clearly shown. Conway v. Conway, 134 Colo. 79, 299 P.2d 509 (1956). Here, the evidence was sufficient to support the trial court's finding that Hartt exhibited a willful refusal to obey a lawful order of the court while having the ability to comply with the order.
The trial court did err, however, in ordering Hartt's confinement until he purged himself of contempt. C.R.C.P. 107(d) provides that a person may be confined for contempt by means of either a remedial or a punitive order of the court. Where a punitive order is issued, the contemner may be confined for a definite period of time. However, in order for the court to confine a contemner for an indefinite period under a remedial order, the trial court must make findings both of the facts constituting the underlying contempt and that the contemner has the present duty and ability to purge himself of contempt at the time of the entry of the remedial order. Marshall v. Marshall, 191 Colo. 165, 551 P.2d 709 (1976).
It was not held in Marshall, as appellee argues, that a finding of present duty and ability to pay in support of the contempt *972 is sufficient to warrant an order for remedial punishment. Rather, there must be two findings of present duty and ability to pay: one which supports the contempt finding, and a second which justifies the imposition of a remedial order. Here, while the trial court found that the contemner was capable of performing the court's order regarding continuing support and was thus guilty of contempt, see, e. g., Catron v. Catron, 40 Colo.App. 476, 577 P.2d 322 (1978), it failed to find that Hartt had resources at the time of the sentence with which he could purge himself of contempt.
That portion of the judgment finding Hartt in contempt of court is affirmed. That portion of the judgment ordering his imprisonment for an indefinite period is reversed and the cause is remanded for further proceedings and for findings regarding Hartt's present ability to purge himself of the contempt, and for such sentence as the evidence may warrant.
RULAND and BERMAN, JJ., concur.