**In re Ronald Charles LATHOUWERS, Debtor.**

**Mary LATHOUWERS, Plaintiff,**

**v.**

**Ronald C. LATHOUWERS, Defendant.**

**Adv. No. 84–C–970.**
**Bankruptcy No. 84–B–02866–J.**

United States Bankruptcy Court,
D. Colorado.

June 4, 1985.

Craig E. Wagner, Jon B. Clark, Englewood, Colo., for plaintiff.

Ronald C. Lathouwers, pro se.

**FINDINGS, CONCLUSIONS AND ORDER ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

PATRICIA ANN CLARK, Bankruptcy Judge.

The plaintiff, Mary Lathouwers Raeg, brought this complaint to determine the dischargeability of certain debts owed her by the defendant, Ronald C. Lathouwers, her former husband. The plaintiff asserts that the debts are for alimony and support and are, therefore, nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The defendant

argues that the portion of his debt attributable to attorneys' fees awards is not in the nature of support and is instead, part of the property settlement. Additionally, he maintains that the applicable statutory interest rate for the debts he owes the plaintiff is governed by Colorado law and is 8 percent, while the plaintiff asserts the applicable rate is set by California law and is 10 percent.

The facts are as follows. The Superior Court of Marin County, California, issued an interlocutory judgment for dissolution of the marriage of Mary and Ronald Lathouwers on August 9, 1982. The decree expressly provided for the defendant to pay Harry A. Connick, the plaintiff's attorney, the sum of $2,200 within 12 months. The final judgment, issued exactly three months later, incorporated the terms of the interlocutory judgment.

On June 15, 1984, Mr. Lathouwers filed a petition in Colorado seeking protection under Chapter 7 of the Bankruptcy Code. The plaintiff filed this complaint and a hearing was set for March 12, 1985. A stipulation was apparently reached but when it came time to read it into the record, Mr. Lathouwers withdrew his assent, his attorney withdrew as counsel, and the hearing was continued until May 3, 1985.

Mr. Lathouwers appeared *pro se* at the continued hearing. For reasons set forth on the record, this Court held that the support obligations ordered in the interlocutory judgment were not dischargeable pursuant to 11 U.S.C. § 523(a)(5). In addition, the Court ordered that the attorneys' fees incurred by the plaintiff in an attempt to enforce the defendant's support obligations were also nondischargeable under Section 523(a)(5). The Court also took the following issues under advisement: (1) Is the $2,200 attorney's fee award issued in the interlocutory judgment dischargeable. (2) What is the applicable statutory interest rate for those debts owed to the plaintiff. (3) Which party is responsible for the plaintiff's attorney's fees incurred in this proceeding.

■ The applicable law is as follows. Despite the fact that the interlocutory decree did not expressly characterize the attorney's fees award as support, case law strongly supports such an interpretation.

California courts have held that attorney's fees awarded pursuant to section 4370 are for the purposes of maintaining and supporting the economically disadvantaged spouse and enabling that spouse to secure adequate legal representation. The State's courts award attorneys' fees in marriage dissolution proceedings only upon a showing of necessity, taking into account the respective needs and incomes of the two spouses. . . .

*Jones v. Tyson*, 518 F.2d 678, 681 (9th Cir.1975). *See also In re Birdseye*, 548 F.2d 321 (10th Cir.1977).

Nor can the award of attorney's fees be construed as coming within the assignment exception set forth in 11 U.S.C. § 523(a)(5)(A). "An award of attorney's fees to an attorney in domestic relations litigation is not an assignment and would not be covered by the assignment exception." *Matter of Gwinn*, 20 B.R. 233, 235 (Bankr. 9th Cir.1982). Thus, it is clear that the award of attorney's fees made in the interlocutory judgment was in the nature of support and, as such, is a debt that is not dischargeable in subsequent bankruptcy proceedings.

■ The second issue concerns what interest rate is appropriately applied to the monies owed the plaintiff by the defendant.[1] The statutory interest rate in Colorado is currently 8 percent compared to a 10 percent rate in California. Accordingly, the plaintiff's position is that the interest rate applicable to California court orders should be the California statutory rate. The defendant, on the other hand, maintains that the Colorado rate is appropriate because Colorado is the state where he

---

1. Interest on the nondischargeable support obligations does not terminate as of the date of bankruptcy and, accordingly, this interest rate is applicable until such debt is paid.

filed for bankruptcy and it is also his current domicile.

"Colorado follows a minority rule of conflict of laws in determining what law applies to interest questions, and Colorado holds that it is the law of the forum which governs." *Davis Cattle Co., Inc. v. Great Western Sugar Co.*, 393 F.Supp. 1165 (D.Colo.1975) *aff'd* 544 F.2d 436 (10th Cir. 1976), *cert. denied* 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977). *See Hays v. Arbuckle*, 72 Colo. 328, 211 P. 101 (1922). In the present situation California is the forum state. The California court adjudicated the Lathouwers' dissolution and it is pursuant to the California proceedings that there is a judgment upon which the plaintiff may recover. Within the framework of this complaint, this Court is invested with the limited authority to determine the dischargeability of the underlying debt. Since California is the forum state in the context of the underlying debt, the California statutory interest rate is the appropriate one to apply.[2]

 Finally, the plaintiff urges that this Court award the defendant the attorney's fees she incurred in this proceeding. The plaintiff's position is that the fees were incurred in an attempt to enforce the California State Court orders and consequently should be treated as support, as were other attorneys' fees. The other fees, however, were pre-petition debts and thus were treated as support in the context of the dischargeability proceeding. The Court is not under a similar constraint for post-petition debts nor is the bankruptcy court required to take into account the same factors a state court does in awarding attorneys' fees in a dissolution proceeding. Consequently, the fees incurred by the plaintiff in the bankruptcy court are clearly distinguishable from those incurred in the state domestic relations proceedings and no award of attorney's fees will be made here.

For the foregoing reasons it is ORDERED that the $2,200 the California Superior Court ordered to be paid to Harry A. Connick is not a dischargeable debt and the arrearages owed for child and spousal support as determined by the California Superior Court are not a dischargeable debt.

FURTHER ORDERED that the California statutory interest is applicable for the above-mentioned debts.

FURTHER ORDERED that the plaintiff's request for an award of attorney's fees incurred in this bankruptcy proceeding is denied.

---

**2.** Cal.Civ.Proc.Code § 685.010 raised the statutory interest rate from 7 percent to 10 percent effective January 1, 1983. Therefore, interest calculations prior to the above date should use the 7 percent figure.