In re Harry D. GRIMSHAW, Debtor.

Harry D. GRIMSHAW, Plaintiff,

v.

Rebecca Jean GRIMSHAW, Defendant.

Bankruptcy No. 84–00817.
Adv. No. 85–0007.

United States Bankruptcy Court,
N.D. Oklahoma.

Jan. 22, 1986.

Frank R. Hickman, Tulsa, Okl., for plaintiff.

N. Franklyn Casey and Bruce A. McKenna, Tulsa, Okl., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MICKEY D. WILSON, Bankruptcy Judge.

This matter comes on for consideration on the defendant's motion for summary judgment on the ground that the pleadings and exhibits show that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law that the plaintiff be accorded no relief as requested in his complaint, that the action be dismissed and defendant awarded attorney's fees, and that the Court enter a ruling that the dischargeability of the debt owing to the defendant has been previously determined by the District Court of Tulsa County and that the debt has not been discharged in bankruptcy.

### I

### FACTS

On June 30, 1945, the defendant, Rebecca Jean Grimshaw, and the plaintiff, Harry D. Grimshaw, were married. On September 24, 1969, the defendant and plaintiff were divorced. In the Decree of Divorce dated September 24, 1969, the Court approved the Alimony and Property Settlement Agreement signed by the parties herein. On May 29, 1984, plaintiff filed for relief under Chapter 7 of Title 11 of the United States Code and on August 14, 1984, this

Court entered its Order of Discharge of Debtor. On July 25, 1984, this Court entered an Ex Parte Order by default modifying the automatic stay to permit defendant to collect arrearages resulting from plaintiff-debtor's failure to make periodic payments of alimony. On October 23, 1984, the Honorable Robert Caldwell, District Judge for the District Court of Tulsa County heard arguments on Harry Grimshaw's objections to jurisdiction of that Court sentencing Harry Grimshaw for contempt of court. Judge Caldwell held that the court had jurisdiction to sentence Harry Grimshaw for his willful indirect contempt of court. In so ruling Judge Caldwell entered specific findings that the indebtedness owing by plaintiff to defendant is an indebtedness for alimony and support which was not discharged by virtue of the Order of Discharge entered in the bankruptcy case. Judge Caldwell held:

"[The] Court does find that the debt involved in this lawsuit and the judgment rendered in this lawsuit by this Court is a debt for alimony and support and is not subject to being discharged under Title 11, Section 523A, Subparagraph 5."

Judge Caldwell's Order was not appealed. On December 21, 1984, this Court heard plaintiff's application for defendant and her attorney to show cause why they should not be adjudged in contempt of court for failure to comply with the Order of Discharge granted to plaintiff on August 14, 1984. At the hearing the Court denied plaintiff's application for contempt and ruled that the state court has concurrent jurisdiction to determine dischargeability under 11 U.S.C. § 523(a)(5) of debts alleged to be in the nature of support.

## II

### SUMMARY JUDGMENT

Consideration of this motion is governed by Rule 56 of the Federal Rules of Civil Procedure, applicable here pursuant to Bankruptcy Rule 7056. Rule 56 provides that a judgment shall be granted only where there is no doubt from the evidence, with all inferences drawn in favor of the non-moving party, that no genuine issue as to any material fact remains for trial and the moving party is entitled to judgment as a matter of law. See *Curtis d/b/a Curtis Oil Co.* 38 Bankr. 364 (Bankr.N.D.Okla. 1983); *Houghton v. Foremost—Financial Services Corp.* 724 F.2d 112 (10th Cir. 1983); *Cayce v. Carter Oil Co.,* 618 F.2d 669 (10th Cir.1980).

The moving party has the burden of proving beyond a reasonable doubt that these requirements are met. The Court must construe all evidence and all factual inferences arising therefrom liberally in the light most favorable to the plaintiff, Harry D. Grimshaw. See *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Harmon v. Diversified Medical Investments Corp.,* 488 F.2d 111 (10th Cir.1973). If any inference can be deduced from the facts on which the opposing party may obtain judgment, summary judgment is inappropriate. *Exnicious v. United States,* 563 F.2d 418, 424 (10th Cir. 1977); *McClelland v. Facteau,* 610 F.2d 693 (10th Cir.1979).

Defendant in her motion for summary judgment asserts that the doctrine of collateral estoppel should apply to bar relitigation of the dischargeability issue in bankruptcy court. The law in this Circuit was laid down in *Goss v. Goss* 722 F.2d 599 (10th Cir.1983) in which the Court said:

It would be anomalous to hold that the bankruptcy court could relitigate a prior state court adjudication of dischargeability under § 17(a)(7)[1] in light of the congressional grant of concurrent jurisdiction to the state courts to decide this question ... Where a state court has jurisdiction to determine dischargeability concurrent with that of the bankruptcy court, however, collateral estoppel should be applied.

Also see *First National Bank of Albuquerque v. Franklin,* 726 F.2d 606 (10th Cir.1984).

---

1. Now 11 U.S.C. § 523(a)(5).

In *Goss v. Goss* 722 F.2d 599 the 10th Circuit Court listed the elements of the doctrine of collateral estoppel. This Court adopted and applied these same elements of doctrine of collateral estoppel to determine whether an issue previously litigated in state court could be precluded from relitigation in bankruptcy court in *Safeco v. Orrick*, 51 Bankr. 92 (Bankr.N.D.Okla. 1985).

Upon consideration of the record on file and the transcript of the state hearing, the Court finds that all elements of the doctrine of collateral estoppel are satisfied. First, the issue sought to be precluded is the same as that decided by the state court: Whether the debt owing by plaintiff-debtor to defendant is a debt for alimony and support and is not dischargeable under 11 U.S.C. § 523(a)(5). Second, this issue was actually litigated in the state court proceeding; the court conducted a hearing and heard arguments by counsel for both parties. Plaintiff cannot complain that he was denied a "full and fair opportunity" to litigate the issue. See *Allen v. Curry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Goss v. Goss*, 722 F.2d 599 (10th Cir.1983). Third, the issue was determined by a valid and final judgment. Fourth, the determination of the issue was essential to the prior judgment; the jurisdiction of the state court to sentence plaintiff for contempt depended on the nondischargeability of the awards in the divorce decree.

Having found that all four elements of the preclusion doctrine for collateral estoppel have been met, the Court finds that the prior state court determination that the obligations were in the nature of maintenance and support and therefore nondischargeable should be binding in this adversary proceeding.

Accordingly the Court finds that there is no issue as to any material fact, that plaintiff is not entitled to the relief sought in his complaint, that defendant is entitled to judgment as a matter of law, and that the action be dismissed. The Court further finds that defendant's request for attorney fees should be denied. No statutory grounds exist for the prevailing party to be awarded their costs and attorney fees in an action under 11 U.S.C. § 523(a)(5). Absent bad faith, the American rule governing allocation of the costs of litigation places the burden of counsel fees on each party. See *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1974) and *Perry v. Landingham*, Adversary No. 83–0607 (Bankr.N.D.Okla. Jan. 1984, attached).

AND IT IS SO ORDERED.

### APPENDIX

In re Robert E. LANDINGHAM, Jr. and Margaret K. Landingham, Debtors.

Earnest R. PERRY and Barbara Perry, husband and wife, Plaintiffs,

v.

Robert E. LANDINGHAM, Jr. and Margaret K. Landingham, Defendants.

Bankruptcy No. 83–00819.

Adv. No. 83–0607.

United States Bankruptcy Court, N.D. Oklahoma.

Jan. 31, 1984.

### ORDER

After trial upon the complaint of Earnest R. Perry and upon the counterclaim of Robert F. Landingham, Jr. and Margaret K. Landingham, judgment was entered terminating and lifting the stay as to the plaintiffs, Earnest R. Perry and Barbara Perry so that they may continue the foreclosure action and proceedings pending in the District Court in and for Tulsa County, State of Oklahoma. Subsequent to entry of judgment plaintiffs filed a motion to tax attorneys fees and costs to defendant incurred in litigation of the complaint and defense of defendants' unsuccessful counterclaim to avoid plaintiffs' lien.

Upon consideration of the record before the Court, the briefs on file herein, and statements of counsel, the following findings of fact and conclusions of law are made and entered and determination made

as to the costs to be taxed in this proceeding.

The general rule under federal practice has long been that attorney's fees are not ordinarily recoverable in the absence of a statute providing therefor. See *Fleischman Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

There is statutory authority for imposing personal liability on an attorney for excessive costs incurred by a party because the attorney multiplied the proceedings in the case unreasonably and vexatiously.

Title 28 § 1927 of U.S.C. provides:

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Although § 1927 provides authority for an award of attorney fees under certain circumstances, plaintiffs do not allege that defendants' counsel acted unreasonably and vexatiously.

The American rule governing allocation of the costs of litigation places the burden of counsel fees on each party.

A narrow exception to the general American rule may be invoked when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *CCMS Publishing Company, Inc., v. Dolly-Maloof, Inc.*, 645 F.2d 33 (10th Cir.1981); *In re Silverman*, 13 B.R. 270 (Bankr.S.D.N.Y.1981). The bad faith exception was interpreted by Mr. Justice Powell, in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) to include not only cases where the action was commenced in bad faith, but also cases conducted in bad faith. An action is brought in bad faith when the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons. *Browning Debenture Holders' Committee v. DASA Corp.* 560 F.2d 1079 (2d. Cir.1980); *Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir.1980). A claim is colorable when it has some legal and factual support. The determinative issue is whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts actually have been established. *Nemeroff v. Abelson,* 620 F.2d 339 (2d. Cir.1980). Although it may be argued that the Landinghams' defense and counterclaim were meritless, there is no indication in the record that they were raised in bad faith or for other improper reasons. Plaintiffs have offered no evidence of bad faith on the part of defendant or that defendants' actions were for purposes of harassment. The Court finds and concludes that the claims of the Landinghams were at least colorable; though not maintainable under federal law, the claims were not asserted in bad faith. Accordingly, the Perrys' application that costs and attorneys fees be imposed upon the Landinghams is denied.

AND IT IS ORDERED.

Dated: January 31st, 1984.

/s/ Mickey D. Wilson
United States
Bankruptcy Judge