In re the MARRIAGE OF Joe Leroy
**WYATT, Appellant,**

and

**Robin Lynn Wyatt, Appellee.**

No. 85CA0638.

Colorado Court of Appeals,
Div. I.

Oct. 2, 1986.

Dennis M. Montgomery, Ronald L. Wilcox, Denver, for appellant.

Myers, Woodford & Hoppin, P.C., Frederick J. Myers, Denver, for appellee.

ENOCH, Chief Judge.

Joe Leroy Wyatt (husband) appeals the judgment finding him in contempt for failure to make child support payments to his former wife and sentencing him to 60 days imprisonment. He contends that the contempt judgment should be reversed because the court denied his application for court-appointed counsel to represent him at the hearing on the contempt citation. We reverse the judgment and sentence.

## I. *Full Indigency*

■ Husband's first contention is that the court erred in concluding that he did not fall within the guidelines for "full indigency," which would have entitled him to court-appointed counsel. This contention is without merit.

We have previously held that, where a jail sentence may be imposed in a contempt proceeding, the alleged contemnor, if indigent, is entitled to the appointment of counsel. *Padilla v. Padilla,* 645 P.2d 1327 (Colo.App.1982). In order to aid the trial court in making such an indigency determination, the supreme court has formulated *"Indigency Guidelines for Public Defenders And Court Appointed Counsel in Criminal and Juvenile Cases,"* Chief Justice Directive (C.J.D.) 81-9, December 4, 1981; *as amended* by C.J.D. 82-1, April 2, 1982; C.J.D. 84-3, May 10, 1984; and C.J.D. 84-5, May 2, 1984.

According to these directives, an applicant is fully indigent and entitled to court-appointed counsel if his income, based on the size of his family, falls below the levels prescribed in the court directive.

Husband argues that C.J.D. 82-1, effective April 2, 1982, which changes "family" to "household" for the purpose of establishing total household income, should also change "family" to "household" for the purpose of establishing family size, thereby

entitling him to include his new wife's children in the determination of his family size. However, we do not address this issue because the trial court determined that, even if it accorded husband a family size of five, which would include all of his present wife's children who were or would be living with them, husband's monthly income would still exceed the eligibility limit for full indigency by approximately $440. Thus, there was no error in the court's determination that he was not fully indigent.

## II. *Partial Indigency*

The next issue is whether the court made a proper determination as to whether husband was "partially indigent." We hold that it did not.

■ C.J.D. 81–9 provides the following procedures for a determination of partial indigency:

"If a defendant's income exceeds that set forth in the attached guidelines, the following procedure should be followed: If the defendant is refused legal services by at least two private attorneys because the defendant is unable to pay the requested fee, the court shall appoint the public defender or private counsel, where applicable...."

The guidelines referred to in this C.J.D. consist of the "Eligibility Income Guidelines," set out above, and a section entitled "Application of Guidelines," which states as follows:

"In the first instance, gross income should be examined to determine those applicants that are clearly eligible and those that are clearly not eligible for court appointed counsel.

Thereafter, particularly in questionable cases of eligibility where the defendant has been refused legal services by at least two private attorneys, investigators should closely examine the assets (house, automobiles, recreational vehicles, bank accounts, investments, receivables, other property, etc.) of the applicant and should make a reasoned judgment in recommending eligibility or ability to make partial payments to the court. The state should not bear the cost of counsel for applicants whose lifestyle and material holdings clearly demonstrate their ability to pay."

Pursuant to the above quoted portion of C.J.D. 81–9, if husband was refused legal services by at least two private attorneys because he was unable to pay the requested fee, then he was entitled to have his assets examined and considered by the court in determining eligibility for court appointed counsel, and in determining his ability to make partial payments to the court for such counsel.

■ In his application for court-appointed counsel, husband stated that he had sought the services of two attorneys and had been denied because he could not pay the requested fee. However, without verifying the validity of husband's allegations, the court found that he was not entitled to court-appointed counsel as partially indigent. In doing so, the court erred.

The court should have verified the allegation that husband had been refused representation by private counsel. If it was satisfied that husband met this requirement, then it should have caused an investigation to be made of husband's assets according to the "Application of Guidelines," set out above, and should have considered the results of that investigation in determining, in its discretion, husband's eligibility for court-appointed counsel and the terms for partial payments to the court.

Accordingly, the matter must be remanded for this procedure to be followed. If the court finds that husband is entitled to appointed counsel, such appointment must be made, and the hearing on the issue of contempt continued to an appropriate time when appointed counsel can be present and prepared to represent husband. If the court finds that husband is not entitled to appointed counsel, the judgment of contempt and sentence shall be reinstated.

In view of the disposition of the appeal, we need not consider the other issues raised by husband.

The judgment of contempt is reversed, the sentence is set aside, and the cause is remanded for further proceedings consistent with the views expressed herein.

SMITH and VAN CISE, JJ., concur.