In re the MARRIAGE OF Joseph F. CROWLEY, Sr., Appellant,

and

Kathleen M. Crowley, Appellee.

No. 81CA1205.

Colorado Court of Appeals, Div. II.

April 7, 1983.

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

Bailey, Wilson, Wagenhals & Finegan, P.C., John A. Wilson, Lakewood, for appellant.

Dale Tooley, Dist. Atty., David R. Costello, Deputy Dist. Atty., Denver, for appellee.

SMITH, Judge.

In this proceeding, Joseph F. Crowley, Sr., was held in contempt of court for his failure to pay child support from January 1, 1980, through February 12, 1981. The court sentenced Crowley to 30 days in jail, provided, however, that if Crowley paid $2,000 into the registry of the court within 10 days of the date of the sentence, he should be immediately released from confinement. Crowley obtained a stay of execution of the sentence and appeals. We reverse and remand with directions.

In December of 1978, Crowley was ordered by the Denver District Court to pay $400 per month child support. This obligation was met through 1979, but it is admitted by Crowley that he has not paid any child support since January of 1980.

The evidence presented at the contempt hearing showed that Crowley, a self-employed insurance broker, earned a gross income of $7,370 in 1980, and $7,000 during the first nine months of 1981. Evidence was also presented that, after payment of business expenses, Crowley's net income for 1980 was $2,924 and for the first nine months of 1981, $170. The evidence showed that in November of 1980, Crowley had declared bankruptcy. Evidence also indicated that he had a potentially sizeable interest in a house, which interest was then at issue in a dissolution proceeding between him and his second wife.

## I.

On appeal, Crowley first argues that there was insufficient evidence to support the trial court's finding that he had the ability to pay child support during the period alleged in the citation, and asserts that the conclusion that he was therefore in contempt was in error. We remand this issue to the trial court for further findings.

If the evidence in a contempt proceeding discloses that a party was unable to make the payments required by a support order, there is no refusal to perform an act within his power under C.R.C.P., 107(d) and the contempt proceeding must be dismissed. *Duran v. District Court,* 190 Colo. 272, 545 P.2d 1365 (1976); *Murley v. Murley,* 124 Colo. 581, 239 P.2d 706 (1951). This is a question of fact, and its determination is generally within the sound discretion of the trial court. *Conway v. Conway,* 134 Colo. 79, 299 P.2d 509 (1956).

However, in this instance, the trial court, in reviewing the evidence, stated that "child support takes precedence over business expenses; and that is the standard the court is utilizing in this matter." We are unable to find any support for such a rule. To the contrary, it can be said that, with regard to a parent's ability to pay support, the *net* income after reasonable and justifiable business expenses should be the primary consideration. *See Kane v. Kane,* 154 Colo. 440, 391 P.2d 361 (1964) ($500 *net* income per month from law practice and business ventures found insufficient to support payment of $460 per month child support.)

To embrace such a rule as that announced by the trial court could create the untenable situation that the expenses associated with the production of income be held in abeyance until the child support is paid. The inevitable result of such a disposition of resources, in circumstances such as are present here, would be the eventual loss of all income when the business reached the point where it was no longer a viable, going concern.

■ While we decline to adopt a rule which allows payment of all business expenses before the payment of child support, we hold that obligations relating to reasonable and necessary expenses associated with maintaining the structure and solvency of a business or the production of income can be satisfied before payment of child support.

This is not to say that all business expenses claimed by the obliged parent are reasonable or necessary. This should be for the trial court's determination, and whether child support should and could have been paid before non-essential business expenses is within the trial court's discretion.

■ Accordingly, we remand the question of Crowley's ability to pay child support after payment of reasonable and necessary business expenses to the trial court for appropriate findings.

## II.

As Crowley's other assignment of error may again arise on remand, we address it here.

Crowley asserts that the trial court erred by entering a judgment and sentence in the nature of a remedial order without making a finding of fact, based on the evidence, that Crowley had the present ability to perform the act required by the court to purge himself of contempt and obtain release from jail. We agree.

C.R.C.P. Rule 107(d) provides that a person may be confined for contempt by means of either a remedial or punitive order of the court.

■ The power of a trial court to punish a person for violating its order by a penal contempt sentence, imposed to vindicate the dignity of the court, is a matter between the contemnor and the court, separate and apart from whatever remedial orders the court may enter to aid in enforcing compliance with its orders. Thus, punishment in the form of a jail sentence or a fine may, in a proper case, be imposed in addition to whatever remedial option may be selected. If such punishment, however, is conditioned upon the contemnor's future performance of a duty he has to another person, then the contempt order is no longer punitive, but becomes remedial. *In re Marriage of Woodrum*, 618 P.2d 732 (Colo. App.1980). Such is the case at bar.

In order for a court to confine a contemnor under a remedial order:

"There must be two findings of present duty and ability to pay: one which supports the contempt finding; and a second which justifies the imposition of a remedial order."

*In re Marriage of Hartt*, 43 Colo.App. 335, 603 P.2d 970 (1979).

■ Accordingly, the judgment of contempt is reversed and the cause is remanded to the trial court to determine whether, after payment of reasonable and necessary business expenses, Crowley had the ability to pay child support, and to what extent. If it is found that Crowley could have paid but did not, and the trial court wishes to impose a remedial contempt sentence, it must make the further finding that Crowley has the present ability to satisfy the condition of the sentence, and to purge himself of the contempt.

VAN CISE and STERNBERG, JJ., concur.