The HELEN G. BONFILS FOUNDATION, a Colorado non-profit corporation, and the Frederick G. Bonfils Foundation, a Colorado non-profit corporation, Plaintiffs-Appellees,

v.

DENVER POST EMPLOYEES STOCK TRUST; D.P.I., Inc., a Colorado corporation; the Denver Center for the Performing Arts; J.D. MacFarlane, Attorney General of the State of Colorado; Donald R. Seawell; Earl R. Moore; Robert H. Shanahan; Charles E. Stanton, and All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action, Defendants-Appellees,

and

John D. Jackson, Donna Bartley, Willard D. Brown, on behalf of themselves and all Denver Post Employees Similarly Situated, Class Intervenors-Defendants-Appellees,

and

Arthur A. Branscombe, and All Persons Similarly Situated, Intervenors-Defendants-Appellees,

and

Russell O. Clapp, Intervenor-Defendant-Appellant.

No. 82CA1013.

Colorado Court of Appeals, Div. III.

Sept. 8, 1983.

Rehearing Denied Oct. 6, 1983.

Certiorari Denied Dec. 19, 1983.

Predovich, Ward & Banner, Lester L. Ward, Jr., Pueblo, for plaintiffs-appellees and defendant-appellee The Denver Center for the Performing Arts.

Kuhlman & Kuhlman, P.C., Theodore J. Kuhlman, Kenton H. Kuhlman, Denver, for class intervenors-defendants-appellees.

Holland & Hart, William C. McClearn, David G. Palmer, Joseph W. Halpern, Denver, for defendant-appellee Denver Post Employees Stock Trust.

James R. Riley, Jr., Asst. Atty. Gen., Denver, for the State.

Michael F. Scott, P.C., Michael F. Scott, Denver, for intervenor-defendant-appellant.

BERMAN, Judge.

Russell O. Clapp appeals the trial court's approval of a class action settlement under C.R.C.P. 23(e). We affirm.

In 1961, the Frederick G. and Helen G. Bonfils Foundations created a Denver Post Employees' Stock Trust in order that Denver Post employees could acquire an ownership interest in the newspaper. When the Post was sold to the Times-Mirror Corporation in 1980, the sale of the Foundations' stock was frozen. At the time of this sale, 301 out of approximately 1,400 Post employees owned shares in the Stock Trust.

The Foundations then sought a declaratory judgment which would clarify the right to proceeds from the sale as between the Foundations and the Stock Trust. A number of parties intervened in the action. Among these, the court certified a shareholder class and a non-shareholder class under C.R.C.P. 23. The appellant is a member of the class composed of approximately 900 non-shareholder employees.

After extensive discovery, and only days before trial was set to begin, the Foundations, with the concurrence of the Attorney General, negotiated separate settlement agreements with the shareholder and non-shareholder classes. Notice was sent to all class members, and a full hearing was held on the proposed settlement.

Under this settlement, the shareholders would receive $8,600,000 to be distributed proportionately based upon the percentage of stock owned by each shareholder. The non-shareholder class was to receive $1,725,000. Each non-shareholder was to receive a base amount of $1,200, plus $75 for each year of full-time employment with the Post during the period the Stock Trust was in existence. In May of 1982, this settlement proposal was approved by the trial court.

Clapp appeals, claiming that the trial court abused its discretion in approving the proposed settlement under C.R.C.P. 23(e). We disagree.

■ Although there appears to be no Colorado case law regarding the standard by which a proposed settlement is to be evaluated under C.R.C.P. 23(e), there is agreement in the Federal courts which have interpreted the identical Federal rule. The "universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable." *Officers for Justice v. Civil Service Commission,* 688 F.2d 615 (9th Cir.1982). *Accord In re Corrugated Container Antitrust Litigation,* 643 F.2d 195 (5th Cir.1981); *Grunin v. International House of Pancakes,* 513 F.2d 114 (8th Cir. 1975), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1982); *Oppenlander v. Standard Oil Co.,* 64 F.R.D. 597 (D.Colo. 1974); *Armstrong v. Board of School Directors,* 471 F.Supp. 800 (E.D.Wis.1979).

■ *Officers for Justice v. Civil Service Commission, supra,* summarizes the numerous factors that may govern a trial court's fairness inquiry:

"The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement."

*See also Flinn v. FMC Corp.,* 528 F.2d 1169 (4th Cir.1975), *cert. denied,* 424 U.S. 967, 96 S.Ct. 1462, 47 L.Ed.2d 434 (1976); *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2nd Cir.1974).

Here, it is apparent from the record that the trial court considered all of the above factors when weighing the fairness of the proposed settlement.

In its written findings and conclusions, the trial court considered carefully the merits of the claims of both the shareholder and non-shareholder classes and the reactions of the class members to the settlement. The court heard evidence regarding the high likelihood of expensive and lengthy litigation, the fairness of the amount offered to both classes, and the fact that discovery was complete. The settlement proposal was approved by the Colorado Attorney General's office.

An appeals court should not overturn decisions by a trial court unless there has been a "strong showing [of] a clear abuse of discretion." *Officers for Justice v. Civil Service Commission, supra; Patterson v. Stovall,* 528 F.2d 108 (7th Cir.1976); *Flinn v. FMC Corp., supra.* We perceive no such abuse of discretion here.

Judgment affirmed.

KELLY and TURSI, JJ., concur.