John R. McVAY, Petitioner-Appellant,

v.

Melanie L. JOHNSON, Respondent-Appellee.

No. 84CA1119.

Colorado Court of Appeals, Div. III.

Sept. 11, 1986.

John R. McVay, pro se.

Frederick L. Swenson, Boulder, for respondent-appellee.

BABCOCK, Judge.

John R. McVay (father) appeals the trial court's order denying his motion for reduction of child support and the judgment finding him in contempt of court for failure to pay court-ordered child support. We affirm the order and reverse the contempt judgment.

Father and Melanie L. Johnson (mother) entered into a stipulation granting custody of their child to the mother with visitation to the father, and providing that father would pay $175 per month child support through the registry of the court. The stipulation was made an order of the court.

Thereafter, father was laid off from his employment. He filed a motion pursuant to § 14–10–122, C.R.S., for modification of the support order. After a hearing, the referee found that father had shown a change of circumstances. However, he further found that father did not present evidence that the change was *continuing,* and therefore, he concluded that the original child support order was not unconscionable. The trial court affirmed the referee's denial of father's motion.

Nine months later, on mother's motion, a contempt citation was issued pursuant to C.R.C.P. 107. The trial court appointed counsel to represent father in the contempt proceeding. After a hearing, the trial court found that father did not have the present ability to pay child support, but it found that in the past father had the ability to pay the ordered support, but did not do so. Consequently, it imposed the "punitive sanction" of 10 days' imprisonment. However, that sanction was to be suspended indefinitely if father paid $60 per month child support, and $20 per month attorney fees. Meanwhile, arrearages on the support order would continue to accrue.

Father has appealed both the denial of his motion to modify the support order and the finding of contempt.

Father first contends that the referee erred in denying his motion for modification of support and that the trial court erred in affirming that denial. We disagree.

Section 14–10–122(1), C.R.S., provides that support orders "may be modified ... only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." The burden on the party who seeks modification is heavy. *In re Marriage of Anderson,* 638 P.2d 826 (Colo.App.1981). Also, the district court is bound by a referee's findings of fact, unless those findings are without evidentiary support. *In re Marriage of Brantley,* 674 P.2d 1388 (Colo.App.1983).

Here, father's own testimony supported the referee's finding that the change in circumstances was not "continuing." Thus, that finding dictated the denial of father's motion to reduce child support, and the district court did not err in affirming the referee.

Father next contends that the trial court erred when it found him in contempt based upon an ability to pay child support in the past. Under the circumstances here, we agree.

There are two categories of contempt of court set forth in C.R.C.P. 107, civil and criminal. Civil contempt proceedings are remedial, and their purpose is to compel performance of an act within the power of the contemnor. In contrast, criminal contempt proceedings involve the imposition of a fine or imprisonment on the contemnor as punishment for an act in derogation of the power or dignity of the court. *People v. Razatos,* 699 P.2d 970 (Colo.1985). A contempt order in which punishment is conditioned upon future performance of a duty is remedial in nature. *In re Marriage of Crowley,* 663 P.2d 267 (Colo.App.1983). In order to confine a contemnor under a remedial contempt order, the trial court must find that the contemnor has the present ability to perform the act ordered. *People v. Razatos, supra; In re Marriage of Crowley, supra.*

Here, although the trial court purportedly issued a punitive contempt order "to vindicate the dignity of the [c]ourt," the punishment was conditioned on husband's future performance of a duty. Thus, the order was remedial rather than punitive. *See In re Marriage of Crowley, supra.* However, since the trial court already had found that husband did *not* have the present ability to comply with the support order, it had no authority to issue a remedial contempt order. *See People v. Razatos, supra.*

Furthermore, the order cannot be construed to constitute both a punitive and a remedial contempt order because a single sanction was involved. *Cf. People v. Razatos, supra; In re Marriage of Crowley, supra.* Therefore, under the circumstances of this case, we hold that the trial court erred in issuing a remedial contempt order after finding that husband did not have the present ability to comply with the support order.

Our resolution of this appeal makes it unnecessary to address husband's contention that the trial court erred in denying his request to be represented by court-appointed counsel on appeal.

The order denying father's motion for reduction of child support is affirmed. The judgment of contempt is reversed, and the cause is remanded with instructions to dismiss the contempt citation.

PIERCE and TURSI, JJ., concur.