**In re the MARRIAGE OF John Alexander ZEBEDEE,
Appellant,**

**and**

**Judith King Zebedee, n/k/a
Stiff, Appellee.**

**No. 86CA1439.**

Colorado Court of Appeals,
Div. V.

Dec. 1, 1988.

As Modified on Denial of Rehearing
Jan. 12, 1989.

Certiorari Dismissed on Motion
May 19, 1989.

---

Cox, Mustain–Wood & Barbieri, Timothy B. Walker, Littleton, for appellant.

Shellman & Ornitz, P.C., Barbara E. Ornitz, Aspen, and Irvin Kent, Aurora, for appellee.

T. Peter Craven, Glenwood Springs, Guardian ad Litem for Minor Child of appellant.

PLANK, Judge.

John Zebedee (husband) appeals from an order of the trial court finding him in contempt for filing various lawsuits in the U.S. Virgin Islands and for failing to obtain counseling and drug testing. We affirm in part, reverse in part, and remand to the trial court with directions.

In this dissolution of marriage action, permanent orders were entered on January 11, 1985. Custody of the child was awarded to Judith King Zebedee (wife) and visitation by husband was contingent on his obtaining psychological counseling. Subsequently, the trial court entered an order for both parties to undergo drug testing. Husband's visitation with the child then was conditioned on his compliance with these two court orders.

On January 22, 1986, the trial court issued a temporary restraining order prohibiting the husband from proceeding or taking any further action in the Territorial Courts of the U.S. Virgin Islands. That same day, the court issued a contempt citation against the husband for his failure to obtain counseling as previously ordered by the court and for his filing of various lawsuits against the wife in the Virgin Islands.

The contempt hearings were held on June 5, June 18, and August 19, 1986. After the commencement of these hearings, another contempt citation was issued to the husband for his alleged failure to obtain drug testing. This citation was scheduled to be heard at the August 19, 1986, hearing.

As a result of these hearings, the trial court issued an order on September 2, 1986: (1) finding the husband in contempt; (2) restricting his visitation with the minor child; and (3) refusing to return husband's funds from the trial court registry.

Furthermore, the trial court ordered that, for his contempt, the husband: (1) was to be jailed for a period of 180 days; (2) was to pay a fine of $10,000 for two separate counts of contempt; (3) was to

pay to wife $2,680 in compensatory damages and $8,040 in punitive damages for her emotional distress; and (4) was to pay attorney fees. Furthermore, the court prospectively fined husband $100 a day for each day he failed to obtain drug testing and counseling.

## I.

■ Husband initially asserts that the trial court erred in finding him in contempt for the filing of various lawsuits in the Virgin Islands. We agree.

■ A court, in appropriate circumstances, may restrain a party from filing law suits elsewhere. *In re Marriage of Peper,* 38 Colo.App. 177, 554 P.2d 727 (1976). Furthermore, a court may punish a party who pursues such litigation in violation of its order. *In re Marriage of Peper, supra.*

Here, however, the record on appeal is devoid of any order issued by the trial court, prior to the temporary restraining order issued on January 22, 1986, which restricted husband from filing lawsuits in other jurisdictions. Also, the citation to show cause why husband should not be held in contempt of this order was issued on the same day as the trial court's temporary restraining order prohibiting such conduct.

Husband asserts that the court could not order him to desist from filing litigation against his wife, and on the same day, issue a contempt citation for its violation. While we understand how the court could have become incensed by the husband's actions here, especially in light of his being an attorney, we conclude that under these circumstances the trial court erred.

■ There can be no contempt without proof of the existence of an underlying court order which is violated. *Wyatt v. People,* 17 Colo. 252, 28 P. 961 (1892). The record shows that all proceedings in the Virgin Islands were begun before January 22, 1986, and that since the restraining order was issued, husband has not taken any action with respect to the lawsuits in question. Thus, husband's conduct subsequent to the issuance of the restraining order has been in compliance with the trial court's order. Consequently, the trial court's ruling that husband was in contempt of this order is not sustainable.

## II.

■ Husband also contends that the trial court erred in issuing an additional contempt citation for his failure to obtain drug testing. We disagree.

Husband contends that the trial court failed to comply with the requirements of C.R.C.P. 107(c) when it issued the citation eight days prior to the final hearing concerning the earlier contempt charges. He argues that he was deprived of due process, notice, and an opportunity to be heard.

Approximately one year before the contempt citation was issued, the trial court had ordered the husband to submit to drug tests. Under such circumstances, the husband had ample notice that he was in violation of this order. Also, during the hearing, husband was given an opportunity to be heard and present evidence. Thus, no error occurred when the trial court issued the contempt citation for failure to obtain drug testing.

## III.

■ Husband next contends that the trial court erred in finding him in contempt for failing to undergo drug testing and obtain counseling. We disagree.

■ Before a contempt order can enter under C.R.C.P. 107(c), the court must find that the contemnor had the ability to comply with its order. *Marshall v. Marshall,* 191 Colo. 165, 551 P.2d 709 (1976).

■ Husband submitted that he did not have the present ability to comply with the trial court's order requiring counseling and drug testing because of his employment related travels throughout the Virgin Islands. The trial court concluded that this evidence was not credible. Whenever a reviewing court is called upon to address a matter within the sound discretion of the trial court, the reviewing court will not

reverse the trial court's ruling unless it constitutes a clear abuse of discretion. *Helen G. Bonfils Foundation v. Denver Post Employees Stock Trust,* 674 P.2d 997 (Colo.App.1983). We find no such abuse here.

### IV.

Husband next contends that the trial court erred in failing to distinguish between the punitive and remedial aspects of contempt. We agree.

There are two categories of civil contempt set forth in C.R.C.P. 107, remedial and punitive. The purpose of remedial contempt is to compel performance of an act within the power of the contemnor. *McVay v. Johnson,* 727 P.2d 416 (Colo.App. 1986). In contrast, punitive contempt proceedings involve the imposition of a fine or imprisonment on the contemnor as punishment for an act in derogation of the power and dignity of the court.

A contempt order in which punishment is conditioned upon future performance of a duty is remedial in nature. *McVay v. Johnson, supra.* It is not designed to punish, but to coerce compliance with the court's orders.

In order to confine a contemnor under a remedial contempt order, the trial court must find that the contemnor had the present ability to perform the act ordered. *In re Marriage of Crowley,* 663 P.2d 267 (Colo.App.1983). In addition, any remedial aspects of a contempt order must be predicated upon a second finding that the contemnor has the present ability to comply with the order and, thus, purge himself of the contempt. *In re Marriage of Hartt,* 43 Colo.App. 335, 603 P.2d 970 (1979). In comparison, in order for a court to impose a jail sentence or fine as a punitive measure, it must make an express finding that the contemnor's conduct is offensive to the authority and dignity of the court. *Lobb v. Hodges,* 641 P.2d 310 (Colo.App.1982).

The husband acknowledges, and we agree, that a punitive order, in the form of a jail sentence or a fine, may be imposed under C.R.C.P. 107(d), in addition to whatever remedial option the court may select. *See In re Marriage of Woodrum,* 618 P.2d 732 (Colo.App.1980). However, where such punishment, in order to vindicate the dignity of the court, is conditioned upon the contemnor's future performance of a duty to a third person, the contempt order is no longer punitive; but becomes remedial. *In re Marriage of Woodrum, supra; In re Marriage of Crowley, supra.*

We conclude that the order at issue here did not make the proper distinction between punitive and remedial contempt and lacked the proper supportive findings.

As we have previously found that the contempt citation issued to husband for filing actions in the Virgin Islands was erroneous, any and all penalties imposed for the violation of that order must be vacated.

In regard to the contempt arising from husband's failure to obtain counseling and drug testing, although the trial court purportedly issued a punitive contempt order to vindicate the dignity of the court, the duty involved was an obligation owed by husband to his child. Both contempt citations regarding these particular issues were initiated by the child's Guardian Ad Litem to protect the best interests of the child. In addition, the trial court stated that "balance of said jail term may be suspended on the conditions set out below," but the remediating conditions were not specified. Under these circumstances, the contempt was remedial in nature, and the matter must be remanded to the trial court to make specific findings as to how the husband can purge himself of that contempt.

### V.

The husband next argues that the court erred in fining him $5,000 on each count of contempt for failure to undergo drug testing and obtain counseling. We agree.

The court stated that the fine was to "vindicate the dignity of the court," and that such funds were to be deposited into an interest bearing account for the

benefit of the minor child. However, any order of payment to a party is limited to a sum not exceeding the actual damages suffered by that party by reason of the contempt, and a fine is permissible for vindication of the dignity of the court, *but must be made payable to the court, not to any of the parties.* C.R.C.P. 107(d); *Brown v. Brown,* 183 Colo. 356, 516 P.2d 1129 (1974) (emphasis added). Thus, we conclude that the order fining husband $10,000 must be vacated. On remand, the court must determine whether the fine is payable to the child or to the court, and assess an appropriate amount based thereon.

## VI.

Husband also contends that the trial court erred in awarding wife attorney fees, compensatory damages, and punitive damages for intentional infliction of emotional distress. We affirm the award of attorney fees and compensatory damages and reverse the punitive damages award.

The wife has conceded that the trial court erred in awarding punitive damages in light of the recent decision of our Supreme Court in *Mortgage Finance Co. v. Podleski,* 742 P.2d 900 (Colo.1987). As a result, the award of punitive damages must be set aside.

Under C.R.C.P. 107(d), a trial court may award attorney fees and actual damages. *Brown v. Brown, supra.* There is ample evidence in the record to support the trial court award. An appeals court should not overturn decisions by a trial court absent a clear abuse of discretion. *Helen G. Bonfils v. Denver Post Employees Stock Trust, supra.* We perceive no such abuse of discretion here, and thus, the award of attorney fees and compensatory damages will not be set aside.

## VII.

Husband next alleges that the trial court improperly modified his visitation rights. We disagree.

The requirement for psychological counseling as a condition precedent to husband's visitation of the minor child was clear. The husband had not enrolled in counseling. Moreover, husband had a history of non-compliance with the court-ordered drug testing.

Orders relative to the custody of children are matters lying within the sound discretion of the trial court. *Searle v. Searle,* 115 Colo. 266, 172 P.2d 837 (1946). Visitation rights are incident to custody, and orders relating to visitation are also discretionary, the best interests of the child being the controlling factor. Section 14–10–129, C.R.S. (1987 Repl.Vol. 6A).

Here, the trial court made a specific finding that the husband's behavior and actions toward the minor child significantly impaired the child's emotional development. Based upon this record, we find that the trial court did not abuse its discretion in modifying visitation to protect the best interests of the child.

## VIII.

Husband also contends that the trial court erred in refusing to release his property. However, the final and subsequent orders pertaining to the marital estate and funds are not the subject of this appeal, and thus, we will not address these allegations.

## IX.

The husband has raised in his brief the questions, comments, and rulings of the trial court as being indicative of bias against the husband. In particular, he relies on certain orders of the trial court and the comments made concerning stays issued by this court.

These matters were not raised pursuant to a motion for change of judge under C.R.C.P. 97. Accordingly, we decline to consider these allegations.

The judgment finding husband in contempt for failing to obtain counseling and undergo drug testing is affirmed. However, the trial court's prospective fine of $100 per day is vacated since the trial court failed to properly distinguish whether the contempt was punitive or remedial. The

judgment finding husband in contempt for pursuing litigation in the Virgin Islands is reversed, and all sanctions therefor are vacated. The imposition of a $10,000 fine relative to the drug testing and counseling contempt order is vacated. Also, the award of $8,040 to wife in punitive damages is vacated. The remainder of the damages and attorney fees awarded to wife is affirmed, and the cause is remanded for further proceedings relative to the appropriate sanctions to be imposed on husband. Wife's request for attorney fees for this appeal are denied. Each party shall pay his or her own costs.

JONES and NEY, JJ., concur.