23CA1852 Marriage of Swanson 10-10-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1852
City and County of Denver District Court No. 22DR30360
Honorable Andrew P. McCallin, Judge

In re the Marriage of

Melissa Nicole Swanson, n/k/a Melissa Nicole Campbell,

Appellant,

and

James Joseph Swanson,

Appellee.

JUDGMENT REVERSED AND ORDER VACATED

Division I
Opinion by JUDGE SULLIVAN
J. Jones and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 10, 2024

Rider Kafer, P.C., Jeremy R. Speckhals, Denver, Colorado, for Appellant

No Appearance for Appellee

¶ 1    Melissa Nicole Swanson, now known as Melissa Nicole Campbell (mother), appeals the district court's judgment finding her in contempt and ordering her to pay attorney fees and costs to James Joseph Swanson (father) as a remedial sanction. We reverse the judgment and vacate the remedial sanction.

## I.    Relevant Facts

¶ 2    Mother moved from North Carolina to Colorado with the parties' two children, and she alleged that she fled to Colorado because she was a victim of father's domestic abuse. The Colorado district court exercised temporary emergency jurisdiction, and it entered a permanent civil protection order that restricted father's contact with mother.

¶ 3    The Colorado court's temporary jurisdiction later terminated, and a North Carolina court adopted the parties' agreement on the allocation of parental responsibilities concerning their children. The decree directed that mother had sole custody of the children and that in the event father requested parenting time, she "shall be reasonable and shall act in good faith in accommodating [f]ather's request." The Colorado court registered the North Carolina child custody decree.

¶ 4    A couple months later, father filed a motion for contempt. He alleged that mother was violating the North Carolina decree by not allowing him to have parenting time, and he alleged that she was unreasonably requiring him to complete sobriety testing and exercise his parenting time at a supervised visitation center. The court issued the contempt citation.

¶ 5    During father's attempts to serve the contempt citation, he notified the court that he had been unable to locate or communicate with mother. And he filed a motion for abduction prevention measures, fearing that the children were in imminent danger of abduction. He explained that mother hadn't responded to any communications, disconnected her cell phone, deactivated her email addresses, quit her job, and terminated her attorney's representation. He further asserted that there were no signs that mother or the children were still living at their home. After an ex parte hearing, the court ordered the children to be located. Shortly after that order, mother and the children reappeared.

¶ 6    A few months later, the court held the contempt hearing. The court rejected father's allegations that mother had acted unreasonably and in bad faith concerning his parenting time

requests. But it determined that she "was in contempt for failing to act reasonably and in good faith when she absconded with the children and required [father] to file a motion for abduction prevention orders." As a remedial sanction, the court ordered mother to pay the reasonable and necessary attorney fees and costs father incurred to pursue the motion for abduction prevention measures. And it directed that mother "may purge the contempt by paying" father $11,768 for his attorney fees and costs.

## II. Remedial Contempt

¶ 7     Mother contends that the district court erred by entering the contempt judgment. She argues that her past contemptuous conduct, which she was incapable of purging, couldn't serve as the basis for a remedial sanction and that because she couldn't purge her contempt, the court improperly awarded attorney fees and costs as the only remedial sanction. We agree.

¶ 8     We review a court's contempt judgment for an abuse of discretion. *In re Marriage of Sheehan*, 2022 COA 29, ¶ 23. A court abuses its discretion when it misapplies the law. *Id.* We review de novo the court's application of the law. *See People in Interest of K.P.*, 2022 COA 60, ¶ 22.

3

¶ 9    A court may hold a party in contempt for "disobedience or resistance" to a lawful court order. C.R.C.P. 107(a)(1). When the court finds a party in contempt, it may impose remedial sanctions. *See* C.R.C.P. 107(a)(5), (d)(2); *In re Marriage of Nussbeck*, 974 P.2d 493, 498 (Colo. 1999). Remedial sanctions are civil in nature and are imposed to force the contemnor's compliance with a lawful court order or to compel the contemnor's performance of an act within their present ability to perform. *See* C.R.C.P. 107(a)(5); *In re Marriage of Webb*, 284 P.3d 107, 110 (Colo. App. 2011). To impose remedial sanctions, the court must specify the means by which the contemnor may purge the contempt and find that the contemnor has the "present . . . ability to perform the acts required to purge oneself of contempt." *In re Estate of Elliott*, 993 P.2d 474, 479 (Colo. 2000); *see* C.R.C.P. 107(d)(2).

¶ 10    "[A]n affirmative act carried out in the past that is not ongoing and results in a contempt citation cannot be purged." *Aspen Springs Metro. Dist. v. Keno*, 2015 COA 97, ¶ 32. This is so because a purge clause is designed "to coerce [the contemnor's] compliance with the court's orders." *In re Marriage of Zebedee*, 778 P.2d 694, 698 (Colo. App. 1988). And when "the contemnor cannot undo

4

what was done," a remedial sanction is not available. *Aspen Springs*, ¶ 32.

¶ 11 Here, the court held mother in contempt and imposed a remedial sanction solely because she had absconded with the children, requiring father to file a motion for abduction prevention measures. But at the time of the court's ruling, she didn't have the present ability to purge her contemptuous conduct. Her conduct occurred early in the contempt proceedings, and after the court issued an order for abduction prevention measures, she resurfaced with the children. Mother can't go back in time and undo what she did in the past. Therefore, a remedial sanction wasn't appropriate under C.R.C.P. 107. *See* C.R.C.P. 107(a)(5), (d)(2); *Aspen Springs*, ¶¶ 32, 34.

¶ 12 And while a court may award costs and reasonable attorney fees as a component of a remedial sanction, it can't assess such an award as the sole sanction. *See* C.R.C.P. 107(d)(2); *see also Webb*, 284 P.3d at 110 ("[W]here the contemnor commits a one-time violation, incapable of being purged, attorney fees may not be assessed as a remedial sanction.").

¶ 13    The court thus erred by entering the remedial contempt judgment against mother.  Given our conclusion, we need not address mother's additional contention challenging the contempt judgment.

### III.    Disposition

¶ 14    We reverse the judgment and vacate the award of attorney fees and costs to father.

JUDGE J. JONES and JUDGE LIPINSKY concur.